<hr/>

[No. 8659.   In Bank. — November 25, 1885.]

## L. E. BULKELEY, RESPONDENT, *v.* THE BANK OF CALIFORNIA, APPELLANT.

ASSIGNED CLAIM — ACTION BY ATTORNEY — INTEREST — PRESUMPTION. — In an action by an attorney on an assigned claim, there being nothing in the pleadings or evidence showing that the assignment was taken with the intent to bring suit, it will not be presumed from the fact that the plaintiff is an attorney, and has brought the suit, that he took the assignment with the criminal intent specified in section 161 of the Penal Code.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing a new trial, and from an order allowing the plaintiff

the sum of one hundred dollars percentage upon the amount of the judgment.

The facts are stated in the opinion of the court.

*Wilson & Wilson,* and *Newlands & Allen,* for Appellant.

The intent of the plaintiff to bring suit on the assigned claim is presumed from the fact of the assignment. (*Mann* v. *Fairchild,* 2 Keyes, 115.)

*L. E. Bulkeley,* for Respondent.

The asignment to the plaintiff was not illegal, and an intent to bring suit thereon will not be presumed. (*Moses* v. *McDevitt,* 88 N. Y. 65.)

MYRICK, J.—The plaintiff sued as assignee of one Quimbie to recover the amount of an alleged deposit made by Quimbie with defendant.

1. A point made by appellant (defendant) is, the plaintiff, being an attorney, cannot maintain this action, the assignment to him being void because of section 161, Penal Code, viz.: "Every attorney who, either directly or indirectly, buys, or is interested in buying, any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor."

In the absence of any pleading on the subject, and of evidence showing that the assignment was taken with the intent to bring suit, we will not presume from the fact that he is an attorney and has brought the suit, that he took the assignment with the criminal intent specified in the section above quoted.

2. Upon the questions whether the defendant received the money as a banker, deposited on account of plaintiff's assignor, whether it was to go to the payment of the debts of the Carson Mill Company to defendant, and the other questions involved, the testimony was conflicting, and the verdict of the jury is decisive.

We see no error in the record.

The judgment and orders appealed from are affirmed.

McKEE, J., Ross, J., MORRISON, C. J., McKINSTRY, J., THORNTON, J., and SHARPSTEIN, J., concurred.