[14193. Department Two—June 9, 1893.]

W. N. TULLER, RESPONDENT, *v.* CHARLES S. ARNOLD ET AL., APPELLANTS.

MOTION FOR NONSUIT—SUBMISSION OF CAUSE—FINAL JUDGMENT FOR PLAINTIFF.— Where a motion for nonsuit was made at the close of plaintiff's evidence with the understanding that neither party had any further evidence to offer, and that if the nonsuit should be granted, judgment should go for the defendants; otherwise, for the plaintiff, and the motion was denied, and judgment entered upon findings for the plaintiff, such judgment will not be reversed for want of an opportunity to the defendant to introduce further evidence, where there is nothing in the record to show that defendant had not finally submitted the case for judgment, or that he desired to introduce further evidence.

ID.—ALLOWING FURTHER EVIDENCE AFTER MOTION FOR NONSUIT—DISCRETION.— It is within the discretion of the court to allow a plaintiff to introduce further evidence after a motion for nonsuit is made, and before it is decided.

ASSIGNMENT OF CLAIMS FOR COLLECTION—ACTION BY ASSIGNEE—PARTIES.—An assignment of claims to a plaintiff for collection makes him the proper party to bring and maintain the action, and the assignors could not sue thereon without a re-assignment.

ID.—ASSIGNMENT BY SECRETARY AND MANAGING AGENT OF CORPORATION.—An assignment of an account due to a corporation is sufficient if made by a secretary and managing agent of the corporation, who had general authority to represent the corporation in such assignment, though no special resolution was adopted by the directors authorizing the assignment.

ID.—ASSIGNMENT TO ATTORNEY FOR COLLECTION—CONSTRUCTION OF PENAL CODE. —An assignment of an account made to an attorney for collection as a matter of convenience, without solicitation or purchase by the attorney, is not affected by the provisions of section 161 of the Penal Code for an attorney to have claims assigned with intent to bring suit thereon.

APPEAL—BRIEFS OF COUNSEL—ABANDONMENT OF POINTS NOT URGED.—Where the transcript discloses a subject-matter of appeal, of which no mention is made in the briefs of counsel, it will be assumed by the appellate court that the questions involved in it have been abandoned.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Robert H. Countryman,* for Appellants.

*John H. Dickinson,* and *Henry E. Munroe,* for Respondent.

HAYNES, C.—Defendants were indebted to each of two business houses in Chicago for goods sold and delivered. The accounts were assigned to the plaintiff, who had prior to that time been admitted to practice in the superior court, but who was a clerk in the office of John H. Dickinson, Esq., who appeared as plaintiff's attorney.

The answer denied the assignment and that plaintiff was the owner, alleged that plaintiff is an attorney-at-law, and connected with the law-office of John H. Dickinson, and that plaintiff bought these claims with the sole intent of bringing suit thereon.

The cause was tried without a jury, and findings and judgment went for plaintiff. Defendants appealed from the judgment, and from an order denying a new trial.

1. At the conclusion of plaintiff's evidence, defendants moved for a nonsuit. The record discloses that the motion was taken under advisement, the court understanding that neither party had any further testimony to offer, and that if the nonsuit should be granted judgment should go for defendants; otherwise, for the plaintiff. The motion was afterwards denied and judgment entered upon the findings for plaintiff, and defendants assign for error, that the court did not give them an opportunity to introduce evidence. There is nothing in the record to show that the court misunderstood the parties, or that defendants had any evidence they desired to introduce, nor does the notice of intention to move for a new trial embrace any ground under which it could be made to appear that defendants had not submitted the case as stated.

2. The assignment of the claims to plaintiff made him the proper party to bring and maintain the action. The assignors could not have sued without a re-assignment. "It is sufficient, under the code, if he (the plaintiff) holds the legal title." (*O'Connor* v. *Irvine,* 74 Cal. 440.) The assignment of the account by the L. Wolff Manufacturing Company (a corporation) was sufficient. The secretary and general manager testi-

fied that no special resolution was adopted authorizing it, but
that he had full power, as secretary and general manager, to
do so, and there was no evidence tending to show that he had
not such power.  A general authorization is sufficient.

3. It sufficiently appears that the assignments were made
before suit was brought.

4. The remaining ground of the motion for nonsuit was that
plaintiff is an attorney at law, and that it is against the pro-
visions of section 161 of the Penal Code for an attorney to have
claims assigned to him with intent to bring suit thereon.  It
is not necessary to construe that section further than to say
that this case is not affected by it.  The evidence shows that
these claims came to Mr. Dickinson for collection through a law
firm in Chicago, to whom the assignors gave them for collection;
that Dickinson was the correspondent of said firm here, and that
the assignment was made to plaintiff as a matter of convenience
for the purpose of collection.  There does not appear to have
been any solicitation by any attorney to the assignors that these
claims be put in suit, or that they were bought by the assignee
for that purpose; but, on the contrary, the assignors put them
in the hands of their attorneys for collection; nor were defend-
ants in any manner injured thereby.  They were not cut off
from any defense they might have had to either of these claims,
if the action had been by the assignors, if such defense were
alleged in the answer; and by uniting the claims in one action
they were saved the costs of an additional action.

5. The findings support the judgment, and the evidence
justifies the findings.

6. It was in the discretion of the court to permit the plaint-
iff to introduce further evidence after the motion for nonsuit
was made, but before it was decided, and this discretion we
think was not abused.  The motion was renewed afterwards.

7. The transcript contains a notice of appeal from an order
denying in part defendants' motion to retax costs, and a bill of
exceptions setting out the grounds of the motion and the action
of the court thereon.  Both notices of appeal were served the same
day.  No mention is made of this appeal in the briefs of counsel
upon either side, and no other case had been docketed.  We
assume that the questions involved in it have been abandoned.

The judgment and order appealed from should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., PATERSON, J.

Hearing in Bank denied.