JAMES ANDERSON, APPELLANT, *v.* YOSEMITE MINING COMPANY AND OTHERS, RESPONDENTS.

ACTION.—REAL PARTY IN INTEREST.—ASSIGNMENT.—Where plaintiff had assigned to S. and R. a certain promissory note given by defendants for the purpose of bringing suit with other claims thereon, and S. and R. had brought suit thereon and recovered judgment against one defendant; *held* that such recovery could be set up in answer to a suit on the note by plaintiff against all the defendants.

PROMISSORY NOTE.— SURETIES.— SUIT BY ASSIGNEE.—Where an assignee to whom a claim has been assigned for the purpose of bringing suit, has elected to sue but one of the joint makers or but the principal debtor without suing the other joint debtors or the sureties, and has recovered judgment against one joint maker or the principal debtor, the other joint makers or the sureties can set up such judgment in bar of the assignor's suit against them.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial, Hon. George W. Bartch, judge. The findings of the trial court were as follows:

*First*—That on the 14th day of May, 1888, the defendants made and delivered to the plaintiff their promissory note set out and described in the complaint; that afterwards, to-wit: on the 22d day of April, 1890, there was paid on said note by defendant Glendinning the sum of $500 to plaintiff.

*Second*—That on the 5th day of January, 1890, by instrument in writing, plaintiff assigned and transferred said promissory note and the debt or claim covered by the same to George M. Scott and William H. Remington for the purpose of enabling the said Scott and Remington to comply with a certain instrument in writing and agreement between them and the defendant, the Yosemite Mining and Milling Company, whereby said Scott and Remington had agreed to take up and procure the assignment and transfer to them of the said note and indebtedness among others, and for the purpose of enabling the said Scott and Remington to foreclose and recover judgment for this indebtedness.

*Third*—That on or about the 10th day of January, 1890, said Scott and Remington in connection with one Joseph E. Gallagher as trustee for them, duly began an action in this court, and in said action set up certain claims and demands against the defendant corporation, and among them this identical note sued upon, and the debt and claim embraced in the same and for the interest accruing thereon.

*Fourth*—That on or about the 11th day of December, 1893, after hearing said cause, said Scott and Remington obtained, and this court rendered a judgment in favor of said Scott and Remington and against the defendant corporation, for the amount of said note and interest, together

with other claims and demands, and said judgment is now on record in this court.

*Fifth*—That the plaintiff was not, at the commencement of this action, nor has he ever since, been the owner of the note sued upon in this action, or the debt covered by the same, and plaintiff is not entitled to recover.

On the foregoing findings of fact, the court finds the following conclusions of law, to-wit:

That the plaintiff was not, at the commencement of this action, the owner of the note sued upon in the complaint, nor has he since been the owner thereof; and, second, that the plaintiff take nothing by his said action.

The statement upon motion for a new trial contained the note, the assignment, and the record in the case of *Gallagher* v. *Yosemite Mining Co.* The record was objected to as irrelevant and immaterial, and was specially objected to as to Egan and Glendinning, because in a suit to which they were not parties. Both assignment and record were objected to as not purporting to include the note. There was evidence to the effect that this note was the only claim plaintiff had against the Yosemite Mining Company. Plaintiff objected to this testimony as not being connected with the joint cause of action against the three defendants, because it was incompetent to vary the assignment, and especially as to Egan and Glendinning because the assignment referred only to a claim against the Yosemite company. Plaintiff also testified that he received no consideration for the assignment, but gave the same upon the request of Scott and Remington, who represented to him that they wanted to settle up the affairs of the Yosemite company; that he never had surrendered the note, and never intended to release the promisors, nor did he authorize the bringing of any suit against the Yosemite company, and knew nothing at any time of any agreement between Scott & Remington and the Yosemite.

*Mr. Charles S. Varian,* for the appellant.

*Mr. William C. Hall* and *Mr. Arthur Brown,* for the respondents.

MINER, J.:

On May 14, 1888, the defendants made and delivered to the plaintiff their promissory note for $3,500, with interest payable to the order of the plaintiff.

On January 5, 1890, James Anderson and Scott & Anderson made and delivered the following assignment to Geo. M. Scott and William H. Remington:

"For value received we hereby sell, assign, transfer and make over to George M. Scott and William H. Remington our several demands, accounts and claims against the Yosemite Mining and Milling Company, a corporation, said demands being for the sum of thirty-six hundred and forty dollars ($3,640) and seventy-two and thirty-five one-hundredths ($72.35) with interest, and they are authorized to sue for and collect same from said company.

"Signed.        JAMES ANDERSON.
                     "SCOTT & ANDERSON."

In May, 1892, the plaintiff James Anderson commenced suit against the defendants, upon said note, claiming no part had been paid except five hundred ($500) dollars.

The Yosemite Mining and Milling Company answered separately and set up the above assignment, claiming that Scott & Remington were the owners of said note, and that plaintiff was not such owner, and that they in connection with Joseph E. Gallagher as trustee for them commenced suit against said company upon several matters including the note in question, and afterwards, on December 17, 1891, recovered judgment against said company in the third district court upon said note and other demands,

and that said judgment is of record in said court and unreversed.

Glendinning and Eagan answered separately denying plaintiff's ownership of the note, and also set up the same defense as this company defendant.

The case was tried before the court without a jury and the court found the facts set up in the several answers of the defendants to be true, and that plaintiffs had been paid five hundred dollars by Glendinning on April 22, 1890. The court further found that the assignment and transfer of said note to Scott & Remington was made for the purpose of enabling them to comply with a certain agreement between them and the defendant, the Yosemite Mining and Milling Company, whereby Scott and Remington had agreed to take up and procure the assignment and transfer to them of said note and indebtedness with other, so as to allow Scott & Remington to foreclose and recover judgment for this indebtedness.

Plaintiff claims the court erred in admitting the assignment by plaintiff to Scott & Remington; that the court erred in admitting evidence of the defendant as to the same against the company and the assignment of it, and that the court erred in admitting in evidence the record and judgment roll in the suit of *Gallagher et al.* v. *The Yosemite Mining and Milling, Co.*, and that the evidence was insufficient to justify the findings, etc.

Upon an examination of the record, we find that the contention of the appellant cannot be sustained. It appears from the testimony of the plaintiff that at the time of the assignment in question, plaintiff held no other claim against the defendant than the note in question. It also appears that plaintiff authorized the suit to be commenced thereon. The fact that plaintiff still retained the note in his possession, would not deprive the assignee of the right to sue thereon in accordance with the contract between the parties.

Having authority to sue, Scott & Remington could sue one or all of the makers.

The assignment carried with it the note and debt evidenced thereby. Scott and Remington were the real parties in interest and entitled to sue. The fact that they chose to sue but one of the three makers of the note, and did not make the sureties parties to their action was within their discretionary power as owners of the note. The plaintiff could not maintain an action on the note he had assigned without a re-assignment to him.

Under the authority given the defendants would be protected in a payment of the note or by a recovery of a judgment thereon by the assignee, as against a suit or claim by the assignor against them. *Wines* v. *Rio Grande Western Ry. Co., ante*, 33 Pac. Rep. 10; Pomeroy Rem. and Remedial Rights, 2d ed., sec. 132; *Davis* v. *St. Louis*, 25 Fed. Rep. 786; *Anderson* v. *Reardon*, 48 N. W. Rep. 777; *Sheridan* v. *Wagor*, 68 N. Y. 31; *Fuller* v. *Arnold*, 98 Cal. 522; 2 C. L. secs. 3185, 3662, 3212.

We think the evidence objected to was properly admitted and that the evidence justified the findings given.

Finding no error in the record the judgment of the trial court is affirmed with costs.

SMITH, J., concurred.