[Civ. No. 7523. Second Appellate District, Division One.—April 25, 1933.]

SAMUEL J. CRAWFORD, Respondent, v. WILLIAM F. ENGLER et al., Appellants.

J. Edward McCurdy for Appellants.

George Acret for Respondent.

YORK, J.—This is an appeal from a judgment given for the amount of a deficiency judgment remaining due on a note secured by a deed of trust after a sale was had for $750. The original face of the note was $7,500.

The first objection by appellants is that the plaintiff is an attorney and counselor at law and, therefore, is precluded from bringing this action, because he purchased the trust deed and note in violation of section 161 of the Penal Code. This contention is answered by the fact that there was no evidence introduced to show that this trust deed and the note secured thereby, or the guarantee of Catherine Kroeger, were purchased with the intention of, or for the purpose of, bringing suit thereon. (*Tuller* v. *Arnold,* 98 Cal. 522 [33 Pac. 445].)

Appellants in their brief recite: "That fraud and misrepresentation was perpetrated upon the defendants and appellants by plaintiff's and respondent's assignor prior to the time of the signing of the instruments and that said fraud and misrepresentation was well known to the plaintiff and respondent." The record discloses the fact that the trust deed together with the note secured thereby was a second lien, and that the said note and trust deed were given as part consideration for the purchase price of certain real property. There is no allegation that the plaintiff was a party to any of the fraudulent transactions attempted to be alleged in the complaint, and there is nothing alleged in the special defense which would void the rights of the plaintiff. The facts alleged in the second, third and fourth affirmative defenses set forth in the answer of the appellants are not sufficient to constitute any defense as against the plaintiff herein. No request was made in the trial court to amend or change this pleading in any way.

We hardly think it a proper case for the imposition of the penalty for a frivolous appeal, as respondent demands, but we see no real merit in any of the questions raised.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.