**HENRY v. NEEL et al.**

No. 28450.   Oct. 4, 1938.

Rehearing Denied Nov. 1, 1938.

W. T. Powell, for plaintiff in error.

Walter Hubbell, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Cotton county by A. C. Neel, hereinafter referred to as plaintiff, against Eula Henry and certain other parties, hereinafter referred to as defendants, for the purpose of foreclosing certain real estate mortgages. Issues were joined, the cause was tried to the court and judgment rendered in favor of plaintiff and in favor of certain cross-petitioners. Defendant Eula Henry has appealed.

It appears that said defendant was the owner of a quarter section of land located in Cotton county. She had executed three mortgages thereon to secure promissory notes, upon which there were certain balances unpaid. Plaintiff acquired all of these notes and mortgages by purchase and instituted this action for foreclosure. Defendant Eula Henry filed an answer in which she alleged that plaintiff is a licensed attorney and member of the Bar of the state of Oklahoma, and is prohibited by law from purchasing notes and mortgages for the purpose of filing suit thereon. She relies upon the provisions of section 1879, O. S. 1931, which is, in part, as follows:

"Every attorney, who either directly or indirectly buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor. * * *"

Upon this issue the cause went to trial and at the conclusion thereof the trial court found that plaintiff "was not an attorney within the purview of this section and the evidence does not show that he took the assignment for the purpose of bringing suit." Judgment was rendered in favor of plaintiff directing the foreclosure of the mortgages.

The testimony of plaintiff, in substance, is as follows:

"That he came to Walters August 1, 1934, from Edinburg, Tex., where he had resided since January, 1931. That he practiced law at Norman, Okla., from June, 1923, to about the first of February, 1928. That he had not practiced law since 1930, but had kept his license paid as an active member of the State Bar, at the suggestion of Ben Williams, a former president of the State Bar, and Secretary Haskell, even while a resident of the state of Texas. That he does not maintain a law office, does not hold himself out as a lawyer and does not pretend to practice. That he has not appeared in court since 1930. That he filed a probate matter for Mary E. Jones, a widow lady whom he had known since the year 1916, and filed two or three pleadings for her in a case pending in the district court. He did not appear personally in court, and made no charges for his services. That he prepared a divorce petition for an old friend of his and turned the case to another lawyer; he charged no fee for this service. That he does not handle his own cases, but has regular counsel employed to handle all of his business, and has had about ten cases filed in court since coming to Walters in 1934, all handled by employed counsel. That he owns a hardware and furniture store and funeral home in Walters, a hardware store in Tecumseh, and an interest in a hardware store at Wanette, Okla. That he personally looks after his business. That the defendant Eula Henry owed him a note for her father's funeral expenses, secured by a chattel mortgage. That defendant dissipated the chattels and he obtained a judgment against her on the note, which judgment was secondary to a judgment held by defendants George Carter and Dillard Mooney. That he bought the mortgage in good faith in order to protect his judgment lien, and to force defendant to pay her just obligation."

The testimony of plaintiff was not controverted in any of its material particulars. It therefore appears that, although plaintiff paid his annual dues to the State Bar, he had, for all practical purposes, abandoned the practice of law and was wholly dependent upon his business for a livelihood, and the finding of the trial court that he was not an attorney within the

purview of the above-quoted provisions of the statute is amply supported by the evidence.

The statute was adopted from North Dakota. In the case of Starke v. Wannemacher, 32 N. D. 617, 156 N. W. 494, 4 A. L. R. 167, in construing the North Dakota statute in connection with a state of facts similar to the facts involved herein, it was said:

"It is not necessary to construe the statutory provisions invoked by the defendant further than to say that this case is not within such provisions, or affected by them. The statute is penal. If the purchase was made in violation of the terms of the statute, then plaintiff is guilty of a misdemeanor. The presumption is that he is innocent. The statute does not pretend to prevent attorneys from making investments, or purchasing securities or obligations. It only forbids such purchase 'with intent to bring suit thereon.' The offense rests in the intention. It is not the purchase, but the 'intent to bring suit thereon,' which converts an act otherwise lawful into a crime. Such intent is the element which is criminal and vitiates the contract. See Woods v. Walsh, 7 N. D. 376, 75 N. W. 767; Tuller v. Arnold, 98 Cal. 522, 33 P. 445; Re Cummins' Estate, 143 Cal. 525, 77 P. 479; Bulkeley v. Bank of California, 68 Cal. 80, 8 P. 643; Moses v. McDivitt, 88 N. Y 62; Wightman v. Catlin, 113 App. Div. 24, 98 N. Y. S. 1071; Van Dewater v. Gear, 21 App. Div. 201, 47 N. Y. S. 503."

In the case of Moses v. McDivitt, supra, it was said:

"The statute * * * prohibits the purchase by attorneys, etc., of choses in action 'with the intent and for the purpose' of bringing suit thereon.

"This language is significant and indicates that a mere intent to bring a suit on a claim purchased does not constitute the offense; the purchase must be made for the very purpose of bringing such suit, and this implies an exclusion of any other purpose. As the law now stands, an attorney is not prohibited from discounting or purchasing bonds and mortgages and notes, or other choses in action, either for investment or for profit, or for the protection of other interests, and such purchase is not made illegal by the existence of the intent on his part at the time of the purchase, which must always exist in the case of such purchases, to bring suit upon them if necessary for their collection. To constitute the offense the primary purpose of the purchase must be to enable him to bring a suit and the intent to bring a suit must not be merely incidental and contingent."

See Annotation, 4 A. L. R. 173.

The trial court found that plaintiff did not procure the notes and mortgages involved herein for the purpose of filing suit thereon. Such finding is amply supported by the evidence. If we should assume that plaintiff is an attorney within the purview of section 1879, supra, the evidence, when viewed in the light of the applicable authorities, fails to establish a defense to the foreclosure action.

George Carter and Dillard Mooney were made parties defendant in the action and filed a cross-petition alleging that they had procured a judgment against defendant Eula Henry in a justice court which had been filed in the district court and constituted a lien against the real property involved herein. The trial court found that such judgment constituted a lien against the property subject to the liens of plaintiff's mortgages. Defendant Eula Henry contends that the trial court erred in fixing a lien against her property on account of such judgment, since the property constituted her homestead. In this connection she testified, without objection on the part of any of the parties to the action, that the same was her homestead, but an examination of the pleadings filed discloses that no answer was filed to the cross-petition of Carter and Mooney. The pleadings on file at the time of trial did not disclose that defendant Eula Henry was claiming the property as her homestead. At the conclusion of the hearing on the motion for new trial, she sought permission of the trial court to file an answer to the cross-petition of Carter and Mooney, alleging that the property was her homestead. Permission was refused by the trial court. The amendment of pleadings during the trial is a matter resting largely within the discretion of the trial court. Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P.2d 121. Clearly, the refusal of the court to permit the filing of a pleading at the conclusion of the trial seeking to interpose a special defense did not constitute an abuse of discretion. Since the homestead issue was not raised by the pleadings, no error was committed in holding that the judgment of the cross-petitioners constituted a lien against the property herein involved.

The judgment is affirmed.

RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.