[Civ. No. 20945.   First Dist., Div. Three.   May 27, 1963.]

NOEL D. MARTIN, Plaintiff and Appellant, v. BENJAMIN
H. FREEMAN, Defendant and Respondent.

Charles N. Douglas for Plaintiff and Appellant.

Robert E. Halsing for Defendant and Respondent.

DEVINE, J.—In this action to quiet title and for an accounting, the court rendered judgment for defendant solely upon the ground that the true party plaintiff, Charles N. Douglas, an attorney at law, had bought the chose in action which is the basis of the lawsuit, with intent to bring suit thereon, and that under the provisions of section 6129 of the Business and Professions Code, plaintiff is barred from obtaining judgment. The trial judge stated in a written opinion that had he been permitted to find on the merits, he would have found that defendant held the legal title, but held one half thereof in trust for plaintiff's assignor and that defend-

ant is entitled to certain credits for protecting the property and for attorney's fees.

Noel D. Martin is plaintiff in name only. He never met the assignor of the claim, Carl L. Shinn, he paid nothing for an assignment and he has no interest in the case. He simply is a formal assignee for the purpose of the lawsuit. There is no doubt that the real party in interest on the plaintiff's side is Charles N. Douglas. Mr. Shinn and Mr. Douglas are elderly attorneys. During the course of Mr. Shinn's testimony in this action against Freeman, the court asked what was the consideration for the assignment to Douglas, and the witness replied that during the last several years Douglas had made loans to him of various sums of money amounting to about $2,500 and that he had made the assignment of his claim against Freeman in liquidation of the loans. He testified that the assignment was not merely for the purpose of collection but was an outright assignment. Later, the court asked Mr. Douglas if Shinn had assigned the claim in satisfaction of the loans, and Douglas replied that he had not accepted the assignment and that the assignment to Martin was simply for the purpose of collection. He testified that Mr. Shinn still owes him money.

The court found ''that the consideration for said assignment was the settlement of a debt of $2,500.00 owing by said C. L. Shinn to Charles N. Douglas; . . . that said Charles N. Douglas is, in fact, the owner of said chose in action; that said Charles N. Douglas purchased said chose in action with intent to, and that he did thereafter, bring the instant suit thereon.'' Thus, although there was some conflict in the evidence of the witnesses as to the nature of the assignment, whether it was outright or for collection, the court's finding establishes upon the substantial evidence of Shinn's testimony that the assignment to Douglas was outright and that it was in settlement of a debt.

■■  The question before us, then, is whether the assignment of a claim against a third party by a borrower on loans, over a period of years, to the lender, is a transaction made criminal by the provisions of section 6129 of the Business and Professions Code, and whether the lender, when suing the third party, is barred from obtaining judgment which on the merits would have been rendered against the third party.

■  California has never adopted the common law doc-

trine of champerty and maintenance. (*Estate of Cohen,* 66 Cal.App.2d 450, 458 [152 P.2d 485]; *Muller* v. *Muller,* 206 Cal.App.2d 731, 733 [23 Cal.Rptr. 900]; *Cain* v. *Burns,* 131 Cal.App.2d 439, 443 [280 P.2d 888].) We do have, however, certain statutes of precise and limited content which proscribe a very few of the many activities which two centuries and more ago were considered champertous. One of these statutes is section 6129 of the Business and Professions Code, the contents of which from 1872 to 1939 were to be found in section 161 of the Penal Code. This section reads: "Every attorney who, either directly or indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor."

It will be observed that this statute does not declare that any assignment coming within its terms is void, nor does it forbid an action thereon. In this case, the court on its own motion (defendant in his pretrial statement made no issue of the validity of the assignment, and the pretrial conference order assumes the validity of it) declared that to award judgment to plaintiff would allow him to profit by his own wrong. The cases in other states are divided upon the subject whether or not champerty is available as a defense. (See cases collected in 22 A.L.R.2d 1000 et seq.) The point has never been decided in California as to section 6129 of the Business and Professions Code, because in the few cases in which it was involved the plaintiff prevailed on the ground that the particular transaction did not violate the statute. (*Bulkeley* v. *Bank of California,* 68 Cal. 80 [8 P. 643]; *Tuller* v. *Arnold,* 98 Cal. 522 [33 P. 445]; *Crawford* v. *Engler,* 131 Cal.App. 374 [21 P.2d 460].) ██ It seems, however, from the manner in which the defense in those cases was considered by the courts, the defense would have been regarded an available and valid one had it been sustained by the evidence.

██ Assuming, however, that violation of section 6129 of the Business and Professions Code by plaintiff is ground for defense or for dismissal of the action or judgment for defendant on the court's own motion, we conclude that the transaction in this case was not forbidden by the statute. ██ The statute refers to an attorney who "*buys* or is interested in *buying* any evidence of debt or thing in action" (italics added), and we believe the kind of transaction which is punishable as a misdemeanor is one in which there is a purchase in the ordinary sense of the word, and not the discharge of an antecedent debt. ██ There is nothing wrong, in itself,

about an attorney's suing upon an assigned debt (*Crawford v. Engler, supra; Tuller v. Arnold, supra*). The several cases mentioned above, *Bulkeley v. Bank of California, Tuller v. Arnold,* and *Crawford v. Engler,* resulted in judgments for plaintiffs as against the defense of the statute, on the ground that intent to bring suit at the time the thing in action was acquired had not been shown. ▉ The element of buying surely is of equal importance. ▉ We believe that the satisfaction of an antecedent debt is not to be deemed the "buying" to which the statute refers, for the following reasons: (1) Because the statute is a penal one, doubt as to the true interpretation of words or the construction of language of the statute should be resolved in favor of the party against whom it is asserted. (*In re Tartar,* 52 Cal.2d 250, 256 [339 P.2d 553].) (2) The purpose of the statute, as is that of champerty laws in general, is to prevent the officious fomenting of litigation. (14 C.J.S. § 10, p. 360.) The outright purchasing by attorneys of claims which perhaps otherwise would never be sued upon obviously would tend to stir up a good deal of litigation if it were permitted; but the transfer by one who owes money to an attorney of a claim which the transferor possesses against a third person may have but insignificant effect in the volume of litigation, and it partakes much less of the officious intermeddling nature of out-and-out purchase and sale. We do not deem it necessary or proper, therefore, in order to make the statute effective and purposeful, to extend its interpretation to cover the transaction of this case. (3) By construing the statute according to its literal terms, defendant is not cut off from any defense he may have to this claim, as was pointed out by the court in *Tuller v. Arnold, supra,* 98 Cal. at page 524.

We do not mean to say that the defense of violation of section 6129 of the Business and Professions Code would not be valid if the court upon retrial were to make a finding, based upon substantial evidence, that the advances from Douglas to Shinn were not in fact loans at the time they were made, but were payments by way of purchase of the chose in action, and were intended to be such payments when they were made. The specific finding made by the court as to the consideration for the assignment is that it was the settlement of a debt.

▉ At the hearing of this appeal, we considered whether the appeal is timely and whether certain of the orders appealed from are appealable. Judgment for defendant was filed

on March 13, 1962, notice of entry of judgment was filed on March 19, 1962, and on March 21, 1962, plaintiff moved for new trial, moved to vacate the judgment and moved to correct findings, conclusions and judgment. On June 12, 1962, the court made a minute order which recited that the motion for new trial had been withdrawn and that motion to alter judgment was denied. On June 22, 1962, plaintiff filed notice of appeal from the judgment.

The appeal from the judgment was timely under rule 3(b) of California Rules of Court,* which provides that when valid notice of intention to move to vacate a judgment is served and filed within 60 days after entry of judgment, the time for appeal from the judgment is extended until 30 days after the order denying motion to vacate, or 150 days after entry of the judgment, whichever shall be less. We agree with the statement of appellant's counsel at oral argument that the other notices of appeal are superfluous, and there would be no purpose served in discussing the appealability of the orders from which these purported appeals were taken.

Judgment reversed. Appeals from order denying plaintiff's motion to alter judgment and from order denying motion to correct minute order are dismissed.

Draper, P. J., and Salsman, J., concurred.

A petition for a rehearing was denied June 21, 1963, and appellant's petition for a hearing by the Supreme Court was denied July 24, 1963.

---

*Formerly Rules on Appeal, rule 3(b).