[Civ. No. 29789.   Second Dist., Div. Five.   June 20, 1967.]

CROCKER CITIZENS NATIONAL BANK, Plaintiff and Respondent, v. CHARLES H. KNAPP et al., Defendants and Appellants; EDWARD KAUFMAN, Assignee and Respondent.

Marvin B. Kapelus and Willard D. Horwich for Defendants and Appellants.

Simon Taub and Edward M. Lazarus for Assignee and Respondent.

No appearance for Plaintiff and Respondent.

STEPHENS, J.—This is an appeal from a denial of a motion made by defendants to satisfy a judgment and further to quash a writ of execution on real property owned by defendants Charles and Marion Knapp.

Appellants are four of nineteen defendants and judgment debtors in an action brought by plaintiff Citizens National Bank (now Crocker Citizens National Bank) (hereinafter referred to as the Bank). A promissory note was executed by defendant Southern California Institute for Arts and Sciences, a corporation (hereinafter referred to as the Institute), for which note continuing guarantees were given by each of the other eighteen individual codefendants and judgment debtors.

The matter was set for trial on May 1, 1964. None of the defendants made an appearance, and the matter was heard as a default. Judgment was entered on May 25, 1964 in favor of the plaintiff Bank for a total of $6,897.71.

The judgment was subsequently assigned to Simon Taub, and later, to Edward Kaufman. Kaufman caused an execution to issue upon real property standing in the names of defendants Charles and Marion Knapp. On December 23, 1964, defendants made a motion to satisfy judgment and quash writ of execution. On January 7, the matter was referred to a commissioner, pursuant to Code of Civil Procedure section 259a, subdivision 2. The commissioner made findings of fact and recommendations which the judge countersigned and made an order of the trial court on February 4, 1965.

Defendants filed a Motion for Reconsideration and for Argument Upon Objections to Findings of Fact of Commissioner and Declarations and Memorandum of Points and Authorities in Support Thereof on February 15, 1965. Hearing was held on March 11, 1965. On that date the court made and filed its Memorandum and Order modifying the February 4, 1965 Findings and Order, conforming them to the proof; overruled the exceptions and objections of the defendants; and denied the motion of defendants to vacate the February 4, 1965 order.

Four defendants have appealed from the order of February 4, 1965 and from the order of March 11, 1965. As error, the appellants raise four arguments: (1) the trial court erred in submitting the matter of defendants' motion without affording defendants the opportunity of cross-examination; (2) the court erred in amending the commissioner's findings of fact; (3) the court erred in that the findings of fact were not

sufficient to justify the order; and (4) the court erred in rendering a decision against the appellants based upon findings which were clearly against the law.

The events which gave rise to this litigation arose out of the involvement of the individual defendants with the Institute. Early in 1962, the Institute obtained a $10,000 loan from the Bank; in order to procure it, all the individual defendants guaranteed the loan. Thereafter, defendant Jordan Packer personally loaned the Institute the sum of $7,000 for further improvements on the Institute's property. Some of the other defendants were guarantors on this note also. The Packer loan was not paid by the Institute, and the guarantors would not voluntarily pay, thus forcing Packer to bring suit for the collection of the sums owed him. These other defendants became antagonistic toward Packer as a result of this action. The Institute later defaulted on the note to the Bank. The Bank sued the Institute and the guarantors for the balance due. During the course of the suit by the Bank, writs of attachment were levied against real property standing in the names of some of the defendants, including that of the appellants Greenbaum. Subsequently, on June 25, 1964, the Bank levied writs of execution against a savings and loan account of Packer. Thereafter, and before any return was made, codefendants Mr. and Mrs. Greenbaum deposited the full amount of the judgment with the Bank in order to obtain a release of their real property under attachment on the earlier writ. The attorney for the Bank agreed to hold the check ''as security pending receipt of the funds then under execution.'' The Greenbaums' attorney advised the Bank's attorney that ''other than his pro-rata share,'' Mr. Greenbaum did not wish to pay the judgment.

On July 21, 1964, Simon Taub, an attorney, purchased the judgment from the Bank. Taub had represented Packer, but did not represent Packer in this purchase. This purchase was by personal check of Taub's, with the notation thereon: ''Purchased judgment in case. . . .'' The execution against Packer was released. On July 28, the Bank's attorney returned the Greenbaum funds to the Greenbaums' attorney with an accompanying letter. The last sentence of that letter read: ''As you know, the judgment has now been paid by Jordan Packer and the judgment has been assigned to his attorney, Simon Taub.'' On July 30, 1964, the Bank assigned the judgment to Simon Taub.[1]

---

[1]A subsequent assignment was made on September 30, 1964 by successor Crocker Citizens National Bank.

Mr. Taub had been a personal friend of Packer's for many years. The purchase of the judgment by him was made after the Bank indicated that it would not release Packer upon payment of Packer's pro-rata share of the judgment. Taub purchased the judgment with the intent of collecting from the other judgment debtors their pro-rata portions of the debt. Taub mailed a letter to each defendant demanding immediate payment of proportionate shares of the judgment. When no reply was received, Taub assigned the judgment to Kaufman, who levied, by writ of execution, on a parcel of real property owned by defendants Knapp, and sought to enforce the writ by threatening sale.

## QUESTIONS ON APPEAL

(1) Was it error to submit the matter of defendants' motion without affording defendants the opportunity of cross-examination of affiant? No.

The reference of this action to the commissioner was made pursuant to section 259a, subdivision 2 of the Code of Civil Procedure[2] on January 7, 1965. After filing of supplemental data, the matter stood submitted on January 28, 1965. The commissioner's findings were filed on February 4, 1965 and adopted by the court. On February 15, 1965, defendants filed their notice to reconsider the ruling, stating five objections thereto. In the declaration of attorney Marvin B. Kapelus in support of that motion, the point was first raised that Kapelus had desired to cross-examine Taub and John Inderrieden (attorney for the Bank) subsequent to the filing of their affidavits and was not allowed such opportunity.

In its memorandum and order of March 11, 1965, the court held such argument by Kapelus was without merit; that it was "made only by way of argument and not by way of exception to the findings of fact and recommendations, and

---

[2]Code of Civil Procedure section 259a, subdivision 2 reads in part as follows: "Subject to the supervision of the court, every court commissioner of a county or city and county having a population of nine hundred thousand inhabitants or more shall, in addition to the powers and duties contained in section 259 of this code, have power:

"2. To take proof and make and report his findings thereon as to any matter of fact upon which information is required by the court; but any party to any contested proceeding may except to such report and the subsequent order of the court made thereon within five days after written notice of the court's action, a copy of said exceptions to be filed and served upon opposing party or his counsel within said five days; and may argue his exceptions before the court on giving notice of motion for that purpose within ten days from entry thereof. After a hearing before the court on such exceptions, the court may sustain, or set aside, or modify its order theretofore made."

without any showing that they were prejudiced thereby.''
Throughout this time no notice of motion to take depositions
or discovery proceedings had been filed by the Greenbaums or
Knapps.

In support of this alleged error, counsel for the Green-
baums and Knapps cite certain cases pertaining to the right
of cross-examination following direct examination during trial
of an issue. These are not pertinent in the case before us. The
instant case is an appeal from a denial of a motion. The
defendants had ample opportunity to present by way of affi-
davit any and all facts they felt should be brought to the
attention of the commissioner before he made his findings and
recommendations.

Motions are normally heard on affidavits alone. (Code
Civ. Proc., § 2009; *Beckett* v. *Kaynar Mfg. Co.* (1958) 49
Cal.2d 695, 698, fn. 3 [321 P.2d 749]; *Skouland* v. *Skouland*
(1962) 201 Cal.App.2d 677 [20 Cal.Rptr. 185]; *Muller* v.
*Muller* (1956) 141 Cal.App.2d 722, 731 [297 P.2d 789].)
While oral testimony may be received in the discretion of the
court, or in the discretion of the commissioner, as is the case
here, it is ordinarily proper to decide upon the affidavits
alone. (*Skouland* v. *Skouland, supra,* p. 678; *Muller* v. *Muller,
supra.*)

Defendants have made no showing that the commis-
sioner's failure to take oral testimony prejudiced them in any
way, nor was any such showing made in their notice to recon-
sider the ruling. Under these circumstances the court was not
in error in ruling upon defendants' motion to satisfy judg-
ment and quash the writ of execution solely upon the facts
contained in the affidavits.

(2) Was it error for the court to amend the commis-
sioner's findings of fact? No.

Under Code of Civil Procedure section 259a, subdivision 2,
the court is given certain powers respecting the commission-
er's findings of fact: ''To take proof and make and report his
findings thereon as to any matter of fact upon which informa-
tion is required by the court; but any party to any contested
proceeding may except to such report and the subsequent
order of the court made thereon within five days after written
notice of the court's action . . . After a hearing before the
court on such exceptions, the court may sustain, or set aside,
or modify its order theretofore made.'' Defendants, without
citing any authority, argue that this clause of section 259a,

subdivision 2 does not permit the court to modify the findings of fact made by the commissioner.

Defendants objected to the commissioner's report in part as being inconsistent in its findings as to whether or not Taub was acting in his own behalf when he purchased the judgment or whether he represented defendant Jordan Packer. The commissioner found that: "On July 21, 1964, Simon Taub, an attorney *representing Jordan Packer,* purchased the Bank's judgment and paid for it by a personal check to Bank's attorney, with the notation thereon, 'Purchased judgment in case. . . .' " (Italics added.) The commissioner then went on to conclude: "However, the Commissioner finds that Mr. Taub was acting in his own behalf. This is supported by his Affidavit in Opposition as well as by the two affidavits of Bank's attorney."

Defendants duly excepted to these findings, and upon reconsideration the exceptions were overruled and the court's order of February 4, 1965, was ordered to stand. The court further modified the findings of fact by striking therefrom the words "representing Jordan Packer," stating that the finding that "Mr. Taub was acting in his own behalf" was supported by the evidence.

In *Ellsworth* v. *Ellsworth* (1954) 42 Cal.2d 719 [269 P.2d 3] the court discussed section 259a, subdivision 2 and the procedures of a special reference made pursuant to it. The court there held that when the hearing is not had upon the stipulation of the parties, the commissioner's findings are advisory only. The interlocutory order is subject to modification by the court, and that is what was done. (*Weinfeld* v. *Weinfeld* (1958) 159 Cal.App.2d 608 [324 P.2d 342].) The court had before it all the affidavits which the commissioner considered in preparing his findings as well as further affidavits filed by the parties in support of their motion to reconsider. Upon this information the court concluded the finding that Taub acted in his own behalf was correct, and amended the findings accordingly. No other change was made; rather, a possible inconsistency was removed. This clarification was certainly no abuse of the court's discretion.

■ (3) Were the findings of fact sufficient to justify the order? Yes.

Defendants raised three objections to the findings of fact and now contend that the failure of the trial court to find on these issues and such refusal constitute reversible error. The objections were:

"1. Whether the payment or deposit of money by appellant Greenbaum was conditional, what the conditions, if any, were and if so, whether conditions to the use of said money by Bank were met.

"2. No finding was made as to the disposition of the funds belonging to Jordan Packer, which had been under execution, nor was any finding made to show that said funds were not in actuality executed upon nor that the same were not used to pay the judgment.

"3. Said Findings of Fact do not show whether the respondent Kaufman was a bona fide purchaser of the assignment without notice, whether he was acting independently or acting as agent for Mr. Taub or Jordan Packer."

"In considering an order made on affidavits involving the decision on a question of fact, the appellate court is bound by the same rule as where oral testimony is presented for review. [Citation.] Accordingly, where an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein, but also all facts which reasonably may be inferred therefrom, and that where there is a substantial conflict presented by the affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. [Citations.]" (*Atkins, Kroll & Co.* v. *Broadway Lbr. Co.* (1963) 222 Cal.App.2d 646, 654 [35 Cal.Rptr. 385, 12 A.L.R.3d 880].)

A court must find on all material issues of fact raised by the pleadings and evidence. Where the court has made findings upon the material facts in issue, it need not make further findings upon the probative facts which are necessary to sustain the final fact found by the court. (*Hicks* v. *Hicks* (1962) 211 Cal.App.2d 144, 149 [27 Cal.Rptr. 307] ; *Ayer* v. *Robinson* (1958) 163 Cal.App.2d 424, 428 [329 P.2d 546] ; *Fischer* v. *Ostby* (1954) 127 Cal.App.2d 528, 531 [274 P.2d 221].)

The findings of the court that Taub was acting in his own interest and not as agent for Packer, and that there was no satisfaction of the debt but rather a purchase of the judgment by Taub, included the finding that Packer did not pay the judgment and that no return was made upon the levied bank account. As to the funds of the Greenbaums held by the Bank and subsequently returned, it is obvious that when the Bank sold the judgment to Taub, the Bank had no further interest in the judgment and thus no further right to hold the

Greenbaums' money. As to Kaufman, defendants have never alleged that he was an agent of Packer's, and in fact the evidence clearly shows he was not. Failure to make these specific findings is not error, as the findings which were made amply justify the order.

■ (4) Were the findings against the law? No.

The issue raised as to the alleged conflict in the findings (the status of Taub at the time he purchased the note) has been heretofore answered and further comment is unnecessary. The second portion of this contention is that Taub, being an attorney licensed to practice in California, was in violation of section 6129 of the Business and Professions Code[3] when he purchased the judgment, and therefore the assignment was void. This is without merit on the facts as found. Along with purchase of a debt, there must be shown "intent to bring suit thereon." In the affidavits presented below it is clear that the court was correct in its finding that Taub (well aware of section 6129) at no time intended to bring suit upon the judgment. Taub wrote letters to each judgment debtor requesting payment. When no answer was received, he informed Packer that he would be unable to sue upon the debt. Kaufman, a nonattorney, then purchased the debt from Taub. It was Kaufman, not Taub, who sued upon the debt. No fraud or collusion between Taub and Kaufman existed. Lacking the element of intent to bring an action upon the note, Taub was not in violation of the section, and validly purchased and reassigned the judgment. (See *Martin* v. *Freeman* (1963) 216 Cal.App. 2d 639, 642-643 [31 Cal.Rptr. 217].)

The judgment is affirmed.

Kaus, P. J., and Frampton, J. pro tem.,* concurred.

---

[3]Business and Professions Code section 6129 states: "Every attorney who, either directly or indirectly, buys or is interested in buying any evidence of debt or thing in action, with intent to bring suit thereon, is guilty of a misdemeanor."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.