STATE of South Dakota, Plaintiff and Appellant,

v.

William RICKETTS, Defendant and Appellee.

No. 13940.

Supreme Court of South Dakota.

Considered on Briefs March 21, 1983.

Decided May 11, 1983.

Larry F. Hosmer, Yankton County State's Atty., Yankton, for plaintiff and appellant.

John R. Kabeiseman of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for defendant and appellee; Michael E. Ridgway of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, on brief.

WOLLMAN, Justice.

This is an appeal from an intermediate order denying the State's motion for permission to introduce evidence regarding another offense. We affirm.

Defendant was charged with attempted rape on July 12, 1982, based upon a June 23, 1982, incident. The trial was scheduled to begin on September 30, 1982. On September 21, 1982, defendant filed a motion pursuant to SDCL 23A–8–3 to suppress an out-of-court identification made by the complaining witness at a police-conducted lineup. The trial court denied the motion following an evidentiary hearing on September 24, 1982. On that same date the State filed a motion pursuant to SDCL 23A–8–6 for permission to introduce evidence pursuant to SDCL 19–12–5 by way of testimony by the alleged victim of an assault by defendant on June 14, 1982, that was in many respects allegedly similar in facts and circumstances to the attack giving rise to the instant charge.

Following the trial court's ruling from the bench on defense counsel's motion to suppress and a ruling giving the State permission to add the names of additional witnesses to the information, the trial court inquired whether there was anything further from the State. In response, the state's attorney said:

Your Honor, I have another motion at this time. And I am serving a notice on Mr. Kabeiseman pursuant to statute as to what our intentions would be at the trial inasmuch as I am sure there are going to be objections on his part for the admissibility of that evidence. We are moving the court for a hearing and for a ruling

on the admissibility of that evidence ahead of trial.

The trial court responded:

Well, I think you could give me a summary of the facts right now. I am going to rule today on this, I don't think the hearing is necessary. You surely can state to the court what the testimony would show by this [alleged victim] that you think the State ought to be permitted to introduce at Mr. Ricketts' trial. Because I understand some investigation has been made and so you ought to be able to use that information and tell me now what she would testify to.

The state's attorney replied, "Well, if that is what the court wants," and then gave a summary, covering some two and a half pages in the transcript, of the evidence regarding the details of the June 14 attempted rape. Following the state's attorney's presentation, the trial court ruled from the bench that on the basis of this court's decision in *State v. Houghton,* 272 N.W.2d 788 (S.D.1978), it would not admit the proffered evidence at trial.

Inasmuch as the State is not challenging the correctness of the trial court's ruling on the merits of the motion, the narrow issue before us on appeal is whether the trial court erred in denying the State an evidentiary hearing at which it could have introduced the testimony of the victim of the alleged earlier offense.

It is within the trial court's discretion whether to permit oral testimony on a motion. *See, e.g., Crocker Citizens National Bank v. Knapp,* 251 Cal.App.2d 875, 60 Cal.Rptr. 66 (Cal.App.1967); *People v. Gruden,* 42 N.Y.2d 214, 366 N.E.2d 794, 397 N.Y.S.2d 704 (1977). Although we have recently held that it was prejudicial error for the trial court to deny a defendant's request for an evidentiary hearing on a motion to suppress incriminating statements, *State v. Volk,* 331 N.W.2d 67 (S.D. 1983), we do not believe that the same considerations govern in the instant case. As a prerequisite to holding that a defendant's confession is admissible, a trial court must find beyond a reasonable doubt that the confession was voluntary. *State v. Caf-*

*frey,* 332 N.W.2d 269 (S.D.1983); *State v. Thundershield,* 83 S.D. 414, 160 N.W.2d 408 (1968). Given this high burden of proof that must be satisfied, it would be a rare case in which a trial court would be justified in denying a defendant's timely filed request for an evidentiary hearing on a motion to suppress a confession. The same considerations do not obtain with respect to a motion by the State for permission to introduce specified evidence, in the absence of a specific showing that such a hearing is essential to support the motion. No such showing has been made here, nor have we been directed to any particulars in which the State suffered any prejudice as a result of not being able to present the in-court testimony of the alleged victim of the earlier offense. True, the state's attorney's summary of the proffered evidence was based upon information supplied to him by the police, but it appears to have been a coherent, logically developed recitation of the factual background of the earlier offense. It does not appear from the State's argument on appeal that there were undeveloped factual details that could have been presented only by the victim of the earlier attack.

Also, we note that the motion was not presented until the conclusion of the earlier-scheduled hearing on the 24th. Granted that the State may not have been aware until defendant filed his motion to suppress the out-of-court identification that it might need evidence of the earlier offense in order to establish the element of identity, it was given that notice on September 21. It does not appear of record why the State could not have responded immediately to the motion to suppress the out-of-court identification and have been prepared to offer testimony by the victim of the earlier offense at the conclusion of the hearing on defendant's suppression motion. Had that been done, the trial court would have been hard pressed to justify refusing the State permission to call the witness to the stand.

■ Given these circumstances, we conclude that the trial court did not abuse its discretion in denying the requested evidentiary hearing. Accordingly, the order appealed from is affirmed, and the case is remanded to the circuit court for further proceedings.

All the Justices concur.