[L. A. No. 571. Department One.—August 10, 1899.]

JOHN R. ELLIS et al., Respondents, v. ALECK RADE-MACHER, Appellant, and Others, Defendants.

Judgment Upon Admissions of Answer — Relief Must be Warranted by Complaint.—In case of a judgment rendered upon an answer admitting all of the averments of the complaint, and presenting no issue, whether it is in effect the same as a judgment by default or not, the relief granted to the plaintiff cannot exceed that which the law awards as the legal conclusion from the facts alleged, or be inconsistent with the case made by the complaint.

Id.—Complaint for Specific Performance—Improper Relief.— Under a complaint for the specific performance of a contract to convey a half interest in a mine in consideration of the building of a mill by plaintiff, and to work the mine upon equal shares, alleging interference by defendant with the performance of the contract by plaintiff, and his ejection of plaintiff from the mine, a judgment directing specific performance by the defendant, and not by the plaintiff, and enjoining the defendant from conveying any part of the mine to anyone other than plaintiff, and from working the mine, without reference to any performance of the contract by the plaintiff, is improper, and grants relief inconsistent with the case made by the complaint.

ID.—JUDGMENT FOR CO-PLAINTIFF—INSUFFICIENT ALLEGATION.—A judgment in favor of a co-plaintiff is not authorized or sustained by an allegation that plaintiffs are informed and believe that such co-plaintiff has or claims to have some interest in the mining property.

ID.—INDEFINITE JUDGMENT—REFERENCE TO EXHIBIT OF CONTRACT.— A decree, enforcing a contract should be definite as to the things to be performed by each of the parties, and as to the acts enjoined; and a decree enjoining a defendant from doing any act whatever which will in any way interfere with the rights of the plaintiff under an exhibit of the contract attached to the complaint, is too uncertain and indefinite to be enforced.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, for Appellant.

W. W. Middlecoff, for Respondents.

COOPER, C.—This is an appeal from the judgment on the judgment-roll alone. The defendant Rademacher (appellant here) filed an answer, and by his answer admitted the allegations of the complaint and prayed that plaintiff might have judgment.

Findings were filed and judgment entered for respondents. The appellant claims that the findings and judgment are too broad and give to respondent more relief than is warranted by the complaint. It is well settled that a judgment by default cannot give any relief in excess of that demanded in the complaint. (Code Civ. Proc., sec. 580; *Raun v. Reynolds,* 11 Cal. 19; *Lamping v. Hyatt,* 27 Cal. 102.)

A default admits the material allegations of the complaint, and no more. It is not necessary to determine whether there is any difference in principle between a case where the allegations of the complaint are admitted by the legal effect of the silence of a party, and where such allegations are admitted by a written answer. In either case the relief given to the plaintiff cannot exceed that which the law awards as the legal conclusion from the facts alleged. The court cannot grant any relief in either case not warranted by the averments of the complaint.

(*Carpentier v. Brenham,* 50 Cal. 551; *Cummings v. Cummings,* 75 Cal. 441; *Hicks v. Murray,* 43 Cal. 522.)   Our code (Code Civ. Proc., sec. 580) provides as follows: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but, in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

It will be necessary, therefore, for us to determine whether in this case the relief granted was consistent with the complaint, as there were no issues made by the answer.   The complaint alleges that on July 28, 1896, the appellant and respondent Ellis entered into a written contract, by the terms of which the appellant agreed to sell and convey to said Ellis an undivided one-half of a certain mining claim known as the Baron mine, in consideration of the agreement of said Ellis to erect a quartz stamp mill on the nearest adjacent millsite where water can be obtained, the said mill to be erected within six months from the time that the water can be procured at some near and suitable place, the appellant reserving the surface ground upon which his cabin stands.   The proceeds from the mining and milling of ores were to be equally divided.   Each party was to have equal voice in determining whether or not the milling capacity of the mill so erected shall be increased.   Respondent Ellis further agreed to use his best endeavors immediately to secure a sufficient water supply as near said mine as possible.   The complaint further alleges that the appellant interfered with and prevented respondent Ellis from performing said contract on his part, and from prospecting for water on said claim, and from taking ores therefrom, and from entering thereon for the purpose of erecting a mill, and that appellant ousted and ejected the respondent Ellis from said claim.   The prayer of the complaint is for a specific performance of the contract, and that defendants be enjoined from digging up and carrying away the ores, and from interfering with plaintiff's rights, and that appellant Rademacher be enjoined from conveying the mine to any one other than respondent Ellis, and for general relief. The decree entered grants more relief to respondents than is authorized by the complaint in several respects.   It directs appellant to specifically perform the contract while it does not so

direct the respondent Ellis, and fixes no time within which the respondent Ellis is to erect the quartz mill or perform the conditions of said contract on his part. It makes it the duty of the appellant absolutely to perform the contract without any reference to the payment of the consideration by the respondent Ellis by performing the covenants of said contract on his part to be performed. It perpetually enjoins the appellant from conveying the said mine or any part thereof to anyone other than the respondent Ellis. The injunction not only prevents the appellant from selling and conveying the undivided one-half of said mine, which under the terms of the contract he was to convey to respondent Ellis, but it absolutely prevents the appellant from conveying any part of the mine to anyone other than respondents, and this without any regard to the question as to whether or not respondent Ellis ever complies with the contract on his part. It enjoins the appellant forever from digging up or carrying away any ore or gold on said premises, with no condition as to whether or not the respondent Ellis shall comply with the said contract on his part. The decree in the respects pointed out is erroneous and grants relief beyond that authorized by the complaint. The appellant has the right to have respondent Ellis proceed with reasonable diligence and in a reasonable time to erect the said quartz mill as provided in said contract. The time fixed by the said contract for the erection of said mill is six months from the time that water can be procured at some near and suitable place. The respondent Ellis should use reasonable diligence and within a reasonable time to procure water, and, if he shall fail to do so, the consideration will have failed and the appellant will not longer be bound by the contract.

The decree as entered is in favor of Downing, one of the plaintiffs, and the only allegation of the complaint as to him is that plaintiffs (of whom Downing is one) are informed and believe that plaintiff Downing has or claims to have some interest in said mining property. The complaint, therefore, did not authorize any judgment in favor of plaintiff Downing. The contract is set forth in the complaint as "Exhibit A," and the decree enjoins the appellant "from doing any act whatever which will in any manner interfere with the rights of the plain-

tiffs under said Exhibit A." The decree should be definite as to the things to be performed and as to the acts enjoined. To enjoin the appellant from doing any act which will in any manner interfere with the plaintiffs' rights under a certain contract is too uncertain and indefinite to ever be enforced. The appellant is entitled to have the decree define his rights as well as the rights of the respondents, and to have it direct what specific acts appellant is to do, as well as what he is not to do. The decree should be definite and certain, and grant no greater relief than that authorized by the complaint. It should fix and define a time within which respondent Ellis shall be required to build the quartz mill upon the premises. We think the judgment should be reversed, and that the cause should be remanded with instructions to the court below to render its judgment and decree in accordance with this opinion and as authorized by the allegations of the complaint.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with instructions to the court below to render its judgment and decree in accordance with this opinion and as authorized by the allegations of the complaint.          Van Dyke, J., Garoutte, J., Harrison, J.