[Civ. No. 2506.    Fourth Appellate District.—February 28, 1940.]

In the Matter of the Estate of R. McDONALD, Deceased. CALLIE I. McDONALD, as Administratrix, etc., Appellant, v. J. W. HEARD, Jr. et al., Respondents.

Ben F. Gray for Appellant.

J. W. Heard, Jr., Calvin H. Conron, Jr., and M. G. Brittan, *in pro. per.*, for Respondents.

THOMSON, J., *pro tem.*—This is an appeal from an order allowing attorneys' fees for extraordinary services in the

above-entitled estate matter. The respondents filed in said estate matter a petition for attorneys' fees for extraordinary services, praying for an allowance of $40,000 or "forty per cent of the properties and monies" awarded to the estate by a judgment in a superior court action brought by the administratrix against 15 defendants, in which action the administratrix was represented by petitioners as her attorneys. Upon the filing of said petition for attorneys' fees, the administratrix appeared through special counsel and filed objections to any allowance of attorneys' fees for extraordinary services. A hearing was had at which the administratrix was present in person and was represented by said special counsel. Evidence was adduced and the court made an order by which it found that petitioners had successfully maintained said action and a judgment was entered in said case whereby the administratrix recovered nine parcels of real property and certain monies, "together with the rents, issues and profits of said properties thereafter accruing"; that the properties so recovered were appraised in the estate by the inheritance tax appraiser in the sum of $97,852.14, and "against which said several pieces of real property there appears to be debts and delinquent taxes of approximately the sum of $27,000"; that the assets of the estate, other than the properties so recovered, are appraised at $540.50; and that an appeal from said judgment by two of the defendants is pending. In this connection it should be noted that, since the order for attorneys' fees was made, said appeal has been dismissed and said judgment has become final. In the order for attorneys' fees the court included the following provisions: "It is further ordered that M. G. Brittan, J. W. Heard, Jr., and Calvin H. Conron, Jr., are jointly entitled to be allowed and paid for extraordinary services rendered in said action a sum equal to thirty-five per cent (35%) of the net value of all properties and monies, together with the accruing rents, issues and profits thereon and thereof, now recovered or which may be recovered or received and become a part of the above-entitled estate by reason or on account of said action . . . which fee is hereby allowed for the services of said attorneys so rendered to and including the first day of December, 1938, and which said fee the Court hereby determines to be a just and reasonable fee for said services so rendered.

"It is further ordered, adjudged and decreed that the basis for determination of the net value of said properties shall be the net value of the property and/or properties at the time such property and/or properties be finally, in said action, adjudicated a part and parcel of said estate, . . . " Said order sets out a particular description of "the properties and monies" therein referred to, including the following paragraph. "Monies. The sum of $8,142.14 royalty monies paid to and deposited with Anglo California National Bank, Bakersfield Branch, as of October 7, 1938, by Bishop Oil Company, a corporation, pursuant to stipulation and order of court made and entered in said action . . . together with all additional and accruing royalty and/or other moneys so paid and deposited subsequent to said October 7, 1938."

The form of order for attorneys' fees is a novel one. No authorities have been cited, nor has the court discovered any, which approve or condemn this method of allowing attorneys' fees in a probate matter.

Appellant first attacks the order allowing attorneys' fees on the ground that the order is *ultra vires* and void, and in this connection appellant argues that the order is too indefinite and uncertain to be capable of enforcement; and that it is, for all practical purposes, a contingent fee and therefore void. We are in accord with these contentions. Section 910 of the Probate Code provides as follows:

"Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services."

The material portion of section 911 of the Probate Code is as follows:

"Any attorney who has rendered services to an executor or administrator, at any time after six months from the issuance of letters testamentary or of administration, and upon such notice . . . as the court or a judge thereof shall require, may apply to the court for an allowance upon his fees; and on the hearing the court shall make an order requiring the executor or administrator to pay such attorney out of the estate such compensation, on account of services rendered up to that time,

as the court shall deem proper, and such payment shall be made forthwith.''

■ Under the provisions of section 911 of the Probate Code respondents had the right to petition the court for an order requiring the administratrix to pay them out of the estate a just and reasonable fee for extraordinary services performed by them for the benefit of the estate, and the court had the jurisdiction to allow such an amount as seemed to the court just and reasonable, such payment to be made forthwith. The final clause of section 911 to the effect that such payment shall be made forthwith has been interpreted to mean that prompt payment should be made when there are available funds in the estate from which the obligation may be satisfied. (*Zagoren* v. *Hall,* 122 Cal. App. 460, 465 [10 Pac. (2d) 202].) ■ It seems obvious from the wording of these sections of the Probate Code, however, that the allowance for attorneys' fees to be made by the court under the code provisions should be a definite, fixed and certain cash allowance, and not a percentage of the value of assets recovered or to be recovered for the estate, particularly of assets which are not yet finally a part of the estate and which might not become or remain a part of the estate, which was the situation in the instant case at the time the order was made. The order appealed from did not actually allow or fix a fee or an amount of compensation as provided in sections 910 and 911 of the Probate Code, but rather adopted a formula or gauge or measure for determining the amount of the fee to be allowed at some future time, perhaps by some other judge, upon the happening of a future, uncertain and speculative contingency, namely, a successful termination of the appeal in the action brought by the administratrix for the recovery of property. ■ There is no doubt that the probate court has authority to make an order authorizing an administrator to employ counsel and provide that the attorneys' fees shall be fixed at a future time upon the completion of the services. (*Ludwig* v. *Superior Court,* 217 Cal. 499, 501 [19 Pac. (2d) 984].) It is also true that the court may allow a certain specified sum of money to be paid for or on account of extraordinary services actually performed by counsel for an executor or administrator, but it is our conclusion that the probate court does not have the right to make an order adopting a formula or measure for determining the

amount of fees to be allowed to counsel for an executor or administrator at some future time and conditioned upon the happening of a future uncertain contingency, such as was attempted in the present case. Such practice, if indulged in, would be fraught with many uncertainties and would impede the efficient administration of estates.

■ The order appealed from is uncertain as to the proportion of rents, issues, profits or royalties to be paid to respondents. "A judgment or decree must be sufficiently definite and certain that it may be enforced, and constitute an estoppel between the parties." (14 Cal. Jur., p. 954; *Ellis* v. *Rademacher*, 125 Cal. 556, 559 [58 Pac. 178].) In their brief respondents take the position that the order is definite and certain in this regard because the order "states that the net value of the property and income, less debts, be determined at the time the litigation becomes final". So far as the order relates to the real property which may be recovered, the time for computation is definite, for a judgment becomes final when the time for appeal has expired or the appeal is finally determined. (Code Civ. Proc., sec. 1049; 15 Cal. Jur., p. 122; *Baker* v. *Eilers Music Co.*, 175 Cal. 652, 655 [166 Pac. 1006].) ■ But what does the order mean with regard to the rents and royalties to be received by the estate? It provides that respondents are entitled to "a sum equal to thirty-five per cent (35%) of the net value of all properties and monies, together with the accruing rents, issues and profits thereon and thereof, now recovered or which may be recovered or received and become a part of the above entitled estate . . . " It further provides that "the basis for determination of the net value of said properties shall be the net value of the property and/or properties at the time such property and/or properties be finally, in said action, adjudicated a part and parcel of said estate . . . " The order also sets out a detailed description of the property upon which the purported 35 per cent fee is to be computed, including the following provision: "Monies. The sum of . . . ($8,142.14) royalty monies paid to and deposited with Anglo California National Bank, Bakersfield Branch, as of October 7, 1938, by Bishop Oil Company, a corporation, . . . together with all additional and accruing royalty and/or other monies so paid and deposited subsequent to said October 7, 1938". The order seems to distinguish "all properties" from "monies" and

from "accruing rents, issues and profits". The paragraph specifying the time for determining the net value is confined to "said properties" and does not expressly include any rents, issues, profits or royalties. Moreover, the paragraph describing the "monies" referred to includes "all additional and accruing royalty and/or other moneys so paid and deposited subsequent to said October 7, 1938". There is no express limitation on the period of time during which the sum equal to 35 per cent of the rents, issues, profits and royalties must be paid by the administratrix to the respondents as a part of their attorneys' fees. The language of the order would not warrant a court in holding that the accumulation of the 35 per cent of such rents, issues, profits and royalties need not continue beyond the time when the action brought by the administratrix will become final, as suggested by respondents. Such uncertainty would make the provisions of the order difficult to perform, for the language could reasonably be interpreted to mean that the payment of 35 per cent of the rents, issues, profits and royalties is a continuing requirement equivalent to a 35 per cent royalty on the lands, as suggested by the appellant in her briefs.

The conclusions we have reached and above expressed render it unnecessary to comment on the objection raised by appellant that the amount of the fee is excessive. We are not passing upon that issue, which is a matter generally left to the sound discretion of the probate court, based upon the necessity for and the nature of the litigation, its difficulty, the amount involved, the skill required and employed, the attention given, the success or failure of the attorneys' efforts, including the amount of recovery, and other similar considerations, and, when the probate court has made its determination in respect thereto, its judgment will not be interfered with on appeal unless it clearly appears that there has been an abuse of discretion (11B Cal. Jur., p. 506; *Estate of Parker,* 186 Cal. 671, 672 [200 Pac. 620]); and in some cases a cash fee which might happen to be equivalent to 35 per cent of the value of the property recovered could not be held as excessive.

For the reasons above set forth the order appealed from is reversed and the cause remanded for further hearing.

Barnard, P. J., and Marks, J., concurred.