[Civ. No. 7129.   Fourth Dist.   Nov. 14, 1963.]

CHARLES C. SEALEY, Plaintiff and Appellant, v. D. D. COPLIN, Defendant and Respondent.

Monta W. Shirley and George W. Nilsson for Plaintiff and Appellant.

Spray, Gould & Bowers, John J. Costanzo and Daniel Howard for Defendant and Respondent.

BROWN (Gerald), J.—Plaintiff sued for damage to his oil well, based upon negligence of the defendant, who had been hired by plaintiff's employee Baker, to clean sand from the liner of the well and replace the tubing, rods and pump. It was claimed defendant failed to use safety elevators in the latter stages of pulling the tubing and rods from the well, as

was customary, resulting in damage to the well when the gas anchor dropped. Defendant denied negligence and urged, affirmatively, contributory negligence of Baker which would bar recovery. The case was tried without a jury. The trial court concluded both defendant and Baker were negligent and judgment was entered for defendant, from which plaintiff has appealed contending that there were no findings of contributory negligence on the part of plaintiff and therefore the conclusion that plaintiff's case was barred by Baker's negligence was without foundation.

Although the court did not expressly state in the findings that Baker was guilty of contributory negligence, such express statement is not essential (*Dalzell* v. *County of Los Angeles*, 88 Cal.App.2d 271, 275 [198 P.2d 554]), and such finding was necessarily included in the other findings. The findings of fact provide: It was customary to use safety elevators in pulling the tubing and gas anchor from the well; this custom was known by both Baker and defendant; the practice was not followed in this case; Baker was aware that it was not being followed and should have known by such failure that severe damage could result to the well; however, he did not exercise his power to correct the manner in which defendant was pulling the tubing from the well; by reason of the failure of defendant to use safety elevators the gas anchor dropped into the well, causing its damage. From these findings the court concluded defendant was negligent, that Baker was negligent in failing to take appropriate steps, and the negligence of both parties contributed to cause the damage.

We are not faced with the contention by plaintiff that the findings are unsupported by the evidence, or that plaintiff was not bound by Baker's actions. Plaintiff admits "We have taken the findings of fact as signed by the court at face value. We have not attacked a single finding of *fact* as unsupported by the evidence. The conclusion of negligence from those facts is our sole attack."

Plaintiff's position is without merit. We have summarized the findings above to the effect that Baker knew of the dangerous practice in which defendant was engaged in removing the last few tubes without the use of safety elevators, but he in no way exercised his power or did anything to protest or bring to the attention of defendant the latter's negligent conduct.

Apparently plaintiff seeks to exculpate Baker by claiming

he was under no duty to warn defendant. Baker, however, had full control of the operation of the well with the power to hire and fire. He hired defendant and he was present and observed on a day-to-day basis the work which defendant was doing; he himself was an expert in that field and was fully aware of the hazards attendant therewith. He had full authority to direct all operations in connection with the well, and, as plaintiff's attorney admitted in argument in the trial court, to stop defendant in the middle of operations. He observed negligent conduct of the defendant and failed to speak up or protest.

Contributory negligence is normally a question of fact to be determined by the trial court, each case being judged and decided on the facts shown by the evidence and the inferences to be drawn therefrom. (*Martindale* v. *Atchison T. & S.F. Ry. Co.*, 89 Cal.App.2d 400, 408 [201 P.2d 48].)

The question of whether Baker used due care under the circumstances being a matter for the trial court to determine, it is not the province of this court to retry this issue. (*Primm* v. *Primm*, 46 Cal.2d 690 [299 P.2d 231].) Furthermore, all intendments and inferences must be indulged in to support the judgment.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied December 5, 1963, and appellant's petition for a hearing by the Supreme Court was denied January 7, 1964.