230 Cal.App.2d 592 (1964)
Estate of EARL H. BRIGGS, Deceased. WOODROW W. BAIRD, as Executor, etc., et al., Petitioners and Appellants,
v.
ESTHER WOOLF, Objector and Respondent.
Civ. No. 7556. 
California Court of Appeals. Fourth Dist. 
Nov. 12, 1964.
 C. Duane Mooney, in pro. per., for Petitioners and Appellants.
 Elliott & Aune and Arthur J. Aune for Objector and Respondent.
 BROWN (Gerald), J.
 This is an appeal by Woodrow W. Baird, executor of the estate of Earl H. Briggs, deceased, and C. Duane Mooney, attorney for the executor, from a portion of an order settling the fourth and final account which sustained, in part, objections by beneficiary Esther Woolf to requests for extraordinary executor's commissions and extraordinary attorney's fees.
 When Briggs died in April 1958 Woodrow Baird, the decedent's attorney and a legatee under the will, was appointed special administrator. In May 1958 he was appointed executor and letters testamentary were issued.
 Briggs had owned and operated a printing business. Before his death he, and after his death, the estate was involved in a series of lawsuits concerning several high-speed intertype machines. Under an agreement not to participate in fees, Baird employed his law partner C. Duane Mooney to represent him in his capacity as executor.
 In August 1960 Baird petitioned the court for partial extraordinary executor's commissions and extraordinary attorney's fees. Baird alleged extraordinary executor's commissions totaling $3,700; Mooney claimed extraordinary attorney's fees totaling $4,375. In an order in September 1960 the court found the allegations of the petition to be true and authorized partial payment of $2,000 each to Baird and Mooney.
 In March 1961 Baird filed the third account in which he petitioned for partial executor's commissions and partial attorney's fees. The petition mentioned the balance claimed for extraordinary commissions and fees alleged in the August 1960 petition and for extraordinary executor's commissions and extraordinary attorney's fees since that time. In April 1961 the court denied the petition without prejudice.
 In June 1963 the executor filed the fourth and final account and petitioned for statutory and extraordinary executor's commissions and statutory and extraordinary attorney's fees *594 and for final distribution. Facts justifying all claims for extraordinary executor's commissions and extraordinary attorney's fees were repeated. Baird's claims for extraordinary commissions totaled $5,150. Mooney's claims for extraordinary attorney's fees totaled $5,725.
 Unlike the earlier petitions, objections to the fourth and final account were filed; oral testimony was taken; many objections were sustained. Baird's claims for extraordinary executor's commissions were reduced $1,000. Mooney's claims for extraordinary attorney's fees were reduced $3,900.
 Several of the sustained objections involved the claims for extraordinary services set forth in the August 1960 petition for which the court authorized partial payments in its September order. In the fourth and final account the trial court concluded that it was not bound by its earlier orders.
 [1] The appellants contend that the September 1960 order was an appealable order; they argue that, notice having been given to all interested parties and no appeal having been taken, the order became final and is res judicata. Probate Code, section 1240 provides in part: "An appeal may be taken ... from an order ... instructing or directing an executor ... directing or allowing the payment of a debt, claim, legacy or attorney's fees; ..." (Italics added.)
 Probate Code section 911 sets forth the procedure for the allowance of attorney's fees. This section states that the court shall make an order requiring the executor to pay the fee that the court determines is proper. In this case the September 1960 order does not require, instruct or direct; it authorizes the executor to make a partial payment. This order does not comply with section 911 because it does not require payment. For an order to be appealable under that portion of section 1240 dealing with the payment of attorney's fees the court must make an order complying with section 911. In this case the authorization of partial payment did not place a mandatory requirement upon the executor; rather, the order makes payment discretionary and lacks finality.
 In Miller v. California Trust Co., 15 Cal.App.2d 612, 616 [59 P.2d 1035], the court said: "[W]e note a distinction between an order directing payment or allowing payment of a claim and an order of the court merely approving or 'allowing' the claim."
 The distinction drawn in the Miller case was utilized in Estate of Elftman, 160 Cal.App.2d 10, 15 [324 P.2d 977], where the court held that an order authorizing attorney's *595 fees was not res judicata to a later order since it did not "instruct or direct" within the meaning of Probate Code, section 1240. Similarly, the September 1960 order, which merely authorized partial payments, was not an appealable order and was not res judicata to the issues herein raised.
 [2] Next, appellants claim the court abused its discretion in sustaining objections to extraordinary attorney's fees on the sole ground that the services "resulted in no benefit" to the estate; that an attorney is placed in the unconscionable position of making his services contingent upon success; appellants point out that an element of risk exists in all cases and that the effect of the holding is to have the court make a contingent fee contract for the parties after the contingency is passed. This argument, however, assumes that "benefit to the estate" was the only factor considered.
 Allowance of attorney's fees rests within the sound discretion of the trial court. (Estate of Parker, 186 Cal. 671, 672 [200 P. 620]; Estate of Gump, 129 Cal.App.2d 783, 790 [277 P.2d 886].) [3] Involved in such a determination are such factors as "... the necessity for and the nature of the litigation, its difficulty, the amount involved, the skill required and employed, the attention given, the success or failure of the attorney's efforts, including the amount of recovery, and other similar considerations, ..." (Estate of McDonald, 37 Cal.App.2d 521, 527 [99 P.2d 1115].)
 [4] Even though the trial court found there was no benefit to the estate, it is apparent that many other factors were considered in arriving at the decision. In this connection we are mindful that all inferences and intendments must be indulged in to support the judgment. (Sealey v. Coplin, 222 Cal.App.2d 277, 279 [35 Cal.Rptr. 109].) There is substantial evidence indicating that the pursuit of the litigation, for which the claims were made, was unnecessary, that the probable chance for success was so slight that the decision to proceed was not based upon a sound evaluation of possible success, and that no detrimental monetary consequences would follow if the litigation was not pursued. We therefore conclude no clear abuse of discretion is involved.
 Judgment affirmed.
 Griffin, P. J., and Coughlin, J., concurred.