[Civ. No. 32685.   Second Dist., Div. Five.   May 29, 1969.]

ABE KANNER, Plaintiff and Appellant, v. GLOBE BOT-
TLING CO., INC., Defendant and Respondent.

Charles A. Laufer for Plaintiff and Appellant.

David S. Smith and Thomas C. Brayton for Defendant and Respondent.

STEPHENS, J.—Plaintiff, as lessor, and defendant, as lessee, entered into a five-year lease in 1960 of certain premises belonging to plaintiff, to be used by defendant for his beer distributing business. Plaintiff sought to impose liability on defendant for (1) alleged failure to deliver up the premises as received; (2) treble damages for alleged waste; (3) claimed loss of rental; and (4) attorney's fees, pursuant to a provision in the lease. After a court trial, plaintiff was awarded judgment for $1,822.10, plus costs. Plaintiff claimed total damages in excess of $40,000. Plaintiff has appealed.

The lease premises included a warehouse, an office building

and a garage. The lease expired October 1, 1965. So far as using the premises for the principal purpose of conducting a beer distributing business, defendant terminated his occupancy in October 1964, and thereafter, to lease end, used the property for warehouse purposes only. Actual occupancy by defendant was not terminated until October 1, 1965, at the time the locks were removed and the premises surrendered. Plaintiff sought to prove that defendant was responsible for, inter alia, alleged (1) damage to the asphalt paving (2) damage to fences and gates, (3) damage to gas pump and tank, (4) damage to the garage roof, (5) general clean-up work, (6) malfunctioning garage doors, broken windows, broken light fixtures, and (7) damage to the interior and exterior of the three buildings, including painting and partial replastering.

The lease provided, relevant part, that the "Lessee has inspected the premises and appurtenances and acknowledges that they are now in good condition"; that the lessee "agrees to keep and maintain the premises . . . in good order, condition and repair, and to deliver up possession of the premises at the expiration . . . of this lease, in like good condition, ordinary use and wear thereof excepted."

The record reveals a long and arduous trial, in which the documentary and oral evidence showed a sharp conflict in the evidence as to (1) the extent of the damage, (2) whether such damage that did exist occurred during the lease term, or thereafter, but prior to plaintiff's reentry of the premises, and (3) whether and to what extent the condition of the premises was attributable to ordinary use and wear.

Plaintiff's testimony, and that of one Bruce Cooper who inspected the premises in May of 1965, tended to show that the premises were in a general state of disrepair. Mr. Shuman, an officer of defendant Globe Bottling Company, testified that the premises were in good condition at the expiration of the lease and that continuous repairs were made as needed during the lease term. Several witnesses corroborated this testimony. Additional evidence introduced by defendant, including testimony from plaintiff's witnesses, tended to show (a) vandalism had occurred after the expiration of the lease and prior to plaintiff's reentry, (b) deterioration to the premises due to the passage of time, the nature of defendant's business, and the short life expectancy of certain fixtures on the premises, and (c) that many of the repairs made by plaintiff in 1966 were unnecessary.

The case was tried without a jury. The court found that defendant breached the lease in failing to leave the premises in a clean condition, in failing to make repairs to the concrete floors and railing, and in failing to repair the garage doors.

■ The first four questions[1] raised by plaintiff on this appeal, though variously phrased, amount to nothing more than an attack on the sufficiency of the evidence. At the outset, it should be noted that plaintiff's opening brief is entirely deficient in this respect for two reasons. Firstly, plaintiff has failed to set forth *any* of the material evidence supporting the judgment. ■ Plaintiff is required to set forth *all* of the material evidence, and not merely his own. (*Green* v. *Green,* 215 Cal.App.2d 31, 35 [30 Cal.Rptr. 30] *Cooper* v. *Cooper,* 168 Cal.App.2d 326, 331 [335 P.2d 983].) ■ Plaintiff's recital of only his own evidence is in derogation of rule 13, California Rules of Court, and his claim of insufficiency of the evidence is entitled to no consideration, especially when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of defendant. (*Haynes* v. *Gwynn,* 248 Cal.App.2d 149, 151 [56 Cal.Rptr. 82] ; *Estate of Palmer,* 145 Cal.App.2d 428, 431 [302 P.2d 629].) Secondly, plaintiff has failed to make appropriate references to the record, as required by rule 15(a), California Rules of Court. ■ The reviewing court is not obligated to make an independent search of the record where this rule is ignored. (*Grand* v. *Griesinger,* 160 Cal.App.2d 397, 403 [325 P.2d 475] ; *Goldring* v. *Goldring,* 94 Cal.App.2d 643, 645 [211 P.2d 342].) ■ In any event, suffice it to say that where the evidence is in conflict, an appellate court will not disturb the findings of the trial court. (*Laymon* v. *Simpson,* 225 Cal.App.2d 50, 52 [36 Cal.Rptr. 859] ; *Walton* v. *Bank of California,* 218 Cal. App.2d 527, 539 [32 Cal.Rptr. 856] ; 3 Witkin, Cal. Procedure (1954) Appeal, § 84, p. 2245.) Here, the trial court found that with the exception of three specific deficiencies defendant maintained the premises in good order and repair, and surrendered them in that fashion. There is substantial evidence to support these conclusions.

■ Plaintiff next contends that the damages claimed do

---

[1] "1. What was the condition of the leased premises at the time the Defendant took possession?

"2. Did the Defendant have a duty to keep and maintain the premises in good order and repair during the term of the lease?

"3. Did the Defendant maintain the premises in good order and repair during the term of the lease?

"4. Did the Defendant surrender the premises in good order and repair, reasonable wear and tear excepted?"

not as a matter of law fall within the "reasonable wear and tear" exception. Again, however, plaintiff completely ignores the state of the evidence and the reasonable inference which the trial court could and did draw therefrom. A few examples of plaintiff's allegations will serve to illustrate the lack of merit in plaintiff's contention. Plaintiff's brief states that damage to the roof resulted from vandalism after defendant "vacated the premises and prior to the termination of the lease." Mr. Beal, a roofing contractor, testified for plaintiff that he first examined the roof on October 16, 1965, and that vandalism was apparent. He was unable to state what portion of the damage was of recent origin and what part was not. The premises were used for storage purpose until lease end, and at the time of Mr. Shuman's inspection of the roof at lease end on October 1, 1965 showed no damage whatsoever. Plaintiff also asserts that the "gasoline pump was not maintained and was left to rust for a period of a year." Mr. Cooper, plaintiff's witness, testified that he saw no need to replace the pump. He made no test as to fitness or useability. He gave plaintiff a price on a new pump because plaintiff asked him to. Mr. Shuman, defendant's witness, testified that the pump was in good condition at lease end. Plaintiff states, without supporting reasons or evidence that "[f]ailing to replace damaged light fixtures and bulbs does not fall within the 'reasonable wear and tear' exception. Mr. Agatiou, a witness for plaintiff, testified that plaintiff requested him to replace certain light fixtures. None of the fixtures were broken. The life expectancy of these light fixtures was five years, and deterioration of the fixtures appeared normal. There is substantial conflicting evidence to the remainder of plaintiff's assertions in this contention, the recital of which would serve no useful purpose. It is interesting to note that other than the witness Cooper, whose testimony was sufficiently rebutted, no other witness called by plaintiff was on the premises prior to the expiration of the lease.

■ The exception of ordinary wear and tear contemplates that deterioration will occur by reason of time and use despite ordinary care for its preservation. (*Connell* v. *Brownstein-Louis Co.*, 86 Cal.App. 610, 614 [261 P. 331].) ■ A tenant is not required to renovate the premises at the expiration of his lease; a covenant to repair should be reasonably interpreted to avoid placing any unwarranted burden of improvement of the lessor's premises on the lessee. (*Lynn* v.

*De Pue Warehouse Co.,* 198 Cal.App.2d 742, 746 [17 Cal.Rptr. 841]; 2 Witkin, Summary of Cal. Law (1960) Real Property, § 247, p. 1075; see also 1 Tiffany, Real Property (3d ed.), § 102, p. 155.) ▮▮ The tenant is certainly not obligated to restore the premises to his landlord in a better condition than they were at the inception of the tenancy. (*Haupt* v. *LaBrea Heating etc. Co.,* 133 Cal.App.2d Supp. 784, 788-789 [284 P.2d 985].) ▮▮ The state of the evidence is susceptible of the inference that some of the damage was not attributable at all to defendant, and other damage was attributable to the usual practice and custom of defendant in carrying out its business, and constituted "ordinary wear and tear." (See cases collected in 45 A.L.R. 70 and 20 A.L.R.2d 1354.)

▮▮ Plaintiff next contends that the judgment of the trial court is not supported by proper findings of fact or conclusions of law. Correlatively, plaintiff complains that the trial court erred in failing to hold a hearing on his objections to the court's findings and in refusing to make special findings.

Plaintiff complains that the findings are deficient in that no findings were made with respect to many items of repair for which compensation was sought. The trial court found that defendant breached the lease in three particulars only and in no others (Finding V), and that plaintiff suffered no other damage to the premises attributable to defendant's occupancy thereof during the term of the lease (Finding VI). It is obvious that the enumeration of these particulars to the exclusion of all others obviated the necessity of specifically negating every other item of repair claimed by plaintiff. As pointed out in *Page* v. *Bakersfield Uniform etc. Co.,* 239 Cal.App.2d 762, 771 [49 Cal.Rptr. 46] : "The respondents, however, properly urge that the court made sufficient specific findings on all essential issues, and that the setting out of each violation committed by appellants and respondents would serve no useful purpose and would result only in the inclusion of a mass of evidentiary detail." ▮▮ And in *Bley* v. *Ad-Art, Inc.,* 250 Cal.App.2d 700, 712-713 [59 Cal.Rptr. 26], it is stated: "Moreover, a specific finding is not required on an issue where it follows by necessary implication from a general finding [Citation]. ▮▮ And, finally, it is also settled that where proper findings have been made upon the various issues of the case it is not necessary to negate issues contradictory thereto. The finding on a particular issue is an implied negation of all contradictory propositions [Citations]." ▮▮ Plaintiff asserts that no finding was made whether plaintiff

suffered loss of rental during the time required to make repairs. The court found that repairs could have been made by plaintiff prior to the expiration of the lease and, therefore, any rental loss was attributable to plaintiff (Finding VII).

■ Where, as here, the court has made a finding upon the material fact in issue, it need not make further findings upon the probative facts which are necessary to sustain the final fact found by the court. (*Crocker Citizens Nat. Bank* v. *Knapp*, 251 Cal.App.2d 875, 882 [60 Cal.Rptr. 66].) ■ Other assignments of error in the findings are equally without merit. We have examined the findings of the trial court in the light of the criticisms made in plaintiff's brief and are satisfied that the findings sufficiently dispose of all the basic issues raised. (*Coleman Engineering Co.* v. *North American Aviation, Inc.*, 65 Cal.2d 396, 410 [55 Cal.Rptr. 1, 420 P.2d 713].) Code of Civil Procedure section 632 requires only that the findings ". . . shall fairly disclose the court's determination of all issues of fact in the case." We are convinced that the trial court in its findings determined all the ultimate facts necessary to support the judgment. (*Dallman Co.* v. *Southern Heater Co.*, 262 Cal.App.2d 582, 595 [68 Cal.Rptr. 873]; *DeArmond* v. *Southern Pac. Co.*, 253 Cal.App.2d 648, 659 [61 Cal.Rptr. 844].)

■ Contrary to plaintiff's assertion, there is nothing in Code of Civil Procedure section 634 which requires that the trial court hold a hearing on plaintiff's objections to the findings and request for special findings. The purpose of that section is to permit a party dissatisfied with the findings suggested by the prevailing party an opportunity to file objections, proposed counterfindings, and requests for special findings. The section, of course, does not require the trial court to adopt any of such proposals. (*Vogelsang* v. *Wolpert*, 227 Cal.App.2d 102, 129 [38 Cal.Rptr. 440].) The statute requires no more than that the trial judge wait ten days to give the opposing party the opportunity to present in writing what he considers to be proper findings.

■ Plaintiff's request for 66 special findings was properly denied by the trial court. A large portion of the requested findings relate to evidentiary details such as the reasonable cost of repairs actually made by plaintiff. Since the court concluded that, with certain enumerated exceptions, defendant was not responsible for these repairs, a finding as to their reasonable cost would have been superfluous. ■ Findings upon merely evidentiary matters are unneces-

sary. (*Wishart* v. *Claudio*, 207 Cal.App.2d 151, 153 [24 Cal. Rptr. 398].) ▮ Section 634 does not require that a finding be made as to every minute matter on which evidence is received at the trial. (*Coleman Engineering Co.* v. *North American Aviation, Inc.*, *supra*, 65 Cal.2d 396, 410.) ▮ Other findings requested by plaintiff were merely argumentative and directly contrary to those found by the court. ▮ As stated in *Cano* v. *Tyrrell*, 256 Cal.App.2d 824, 833 [64 Cal. Rptr. 522] : ''A request for special findings under Code of Civil Procedure section 634 does not require a trial court to make supplemental or explanatory findings on evidentiary matter, particularly where the requested findings are, as here, directly contrary to the facts as found by the court. [Citation.]'' ▮ The remainder of the requested findings are either covered by the findings rendered or relate to issues immaterial to the determination of the case. (*Dunlap* v. *Marine*, 242 Cal.App.2d 162, 167 [51 Cal.Rptr. 158].) As such, their inclusion ''would add nothing of value and would needlessly embellish the structure of the findings with rococo details.'' (*Lewetzow* v. *Sapiro*, 188 Cal.App.2d 841, 845 [11 Cal.Rptr. 126].)

▮ Plaintiff next contends that defendant committed waste as a matter of law and that plaintiff was entitled to damages therefor. Conceding that the damages for which defendant was responsible constituted waste, it does not follow that plaintiff was entitled to treble damages. Section 732 of the Code of Civil Procedure, permitting an action for waste, provides that there ''*may* be judgment for treble damages.'' (Italics added.) The section is not mandatory in character, and contemplates a showing of wilfulness or maliciousness ; whether the damages should be trebled is left to the court's discretion. (51 Cal.Jur.2d, Waste, § 12, p. 433.) In the present case, there was no evidence whatsoever tending to show wilful or malicious abuse by defendant of plaintiff's premises. To the contrary, evidence was adduced that defendant made repairs as needed during the lease term, and the court found that plaintiff's demands upon defendant during the term were unwarranted except to the extent of the items for which the court assessed damages as the only amounts constituting reasonable expense incurred by plaintiff. Further exposition on the subject was unnecessary, absent evidence of wilful wrongdoing by defendant.

▮ Lastly, plaintiff contends that the attorney's fees awarded him were inadequate as a matter of law. The trial

court awarded judgment to plaintiff in the sum of $1,166.10, to which was added the sum of $650 as attorney's fees.

Allowance of attorney's fees rests within the sound discretion of the trial court. (*Estate of Briggs,* 230 Cal.App.2d 592, 595 [41 Cal.Rptr. 237]; *Hutchinson* v. *Hutchinson,* 223 Cal. App.2d 494, 508 [36 Cal.Rptr. 63].) Involved in such determination are such factors as the necessity for and the nature of the litigation, the amount involved, and the success or failure of the attorney's efforts, including the amount of recovery. (*General Elec. Co.* v. *Central Surety & Ins. Corp.,* 232 Cal.App.2d 590, 604 [43 Cal.Rptr. 48]; *Estate of Lanza,* 229 Cal.App.2d 720, 726-727 [40 Cal.Rptr. 528]; *Estate of McDonald,* 37 Cal.App.2d 521, 527 [99 P.2d 1115].) We cannot say that attorney's fees in excess of 50 percent of the judgment are so inadequate as to be unreasonable. (*Peskin* v. *Herron,* 210 Cal.App.2d 482, 488 [26 Cal.Rptr. 821].)

The judgment is affirmed.

Kaus, P. J., and Aiso, J., concurred.