[Civ. No. 14810. Fourth Dist., Div. One. Jan. 19, 1977.]

TALANI FUIMAONO et al., Plaintiffs and Respondents, v.
SAMOAN CONGREGATIONAL CHRISTIAN CHURCH OF
OCEANSIDE et al., Defendants and Appellants.

**COUNSEL**

Wright & Panther and Saul D. Wright for Defendants and Appellants.

William F. Gavin for Plaintiffs and Respondents.

**OPINION**

**STANIFORTH, J.**—This action for corporate dissolution constitutes the second chapter in a continuum of discord originating within the membership of the defendant Samoan Congregational Christian Church of Oceanside (Samoan Oceanside Church). The particular dispute erupted when the Board of Directors of the Samoan Oceanside Church discharged its minister (one of the plaintiffs herein) and hired another, thereby incurring official disapproval of higher ecclesiastical authority within the parent church body, as well as opposition from a minority of the membership of the Samoan Oceanside Church. The first unhappy chapter is related in *Samoan Congregational etc. Church in U.S.* v. *Samoan Congregational etc. Church of Oceanside, ante,* page 69 [135 Cal.Rptr. 793]. We there held that the parent ecclesiastical body could not compel the forfeiture of assets of the Samoan Oceanside Church.

Plaintiffs in the case at bench are the discharged minister and a minority (constituting approximately 40 percent of the total membership), who side with the Reverend Talani Fuimaono in his refusal to acknowledge discharge by the Board of Directors of the defendant

Samoan Oceanside Church, a California nonprofit religious corporation. Plaintiffs seek an involuntary dissolution of the corporate defendant and a distribution of its assets to the respective factions within the church in accord with their percentage of membership. Plaintiffs allege that they constitute more than one-third of the membership, and that dissension exists between the factions within the church representing plaintiffs' group on the one hand and a majority of defendant church's members on the other, and that these factions are so deadlocked that the church corporation can no longer conduct its business to the advantage of the members of the church.

Defendant Samoan Oceanside Church opposes dissolution, questions plaintiffs' status to sue, and denies there are grounds for dissolution.

The Attorney General is joined as a necessary party to these proceedings. His office is neutral on the issues tendered by the complaint, but insists that the assets of the Samoan Oceanside Church are impressed with a charitable trust and therefore as a matter of law cannot be distributed for private benefit, and if dissolution is granted the assets must be distributed for church purposes under the *cy pres* doctrine. The parties concede the correctness of the position of the Attorney General and stipulate that if judgment be awarded to plaintiffs it would not result in a transfer of assets to any individual, but that a judgment might be made transferring the assets to a nonprofit religious organization of similar denomination serving the north county area of San Diego.

After nonjury trial, the court found plaintiffs did have legal standing to sue to dissolve; there was internal dissension between the factions and they were so deadlocked that the church corporation could no longer conduct its business to the advantage of its members. It therefore decreed dissolution and ordered the assets of the Samoan Oceanside Church be liquidated or encumbered in a manner to be determined by the court, to the end that 40 percent of defendant church's assets be transferred to a newly formed religious corporation. From the interlocutory judgment, Samoan Oceanside Church and Reverend Talo Poumele appeal.

Samoan Oceanside Church argues the trial court committed prejudicial error in "prematurely" holding that such internal dissension existed, so that the corporate business could no longer be conducted to the

advantage of its membership. This contention of prematurity is made without citation of authority or reason as a substitute for authority. Rather, defendant argues the insufficiency of the evidence to establish that the business of the corporation could no longer be carried on to the advantage of its members, and urges the court should settle the dissolution question by determining the "validity of the pastor's removal pursuant to the corporate bylaws, procedure, custom and usage."

■ If defendant, by its contention, is saying the evidence before the trial court was insufficient to decree dissolution, it is without merit. Corporations Code section 4651, subdivision (d) permits the dissolution where there is "internal dissension *and* two or more factions of shareholders . . . are so deadlocked that its business cannot longer be conducted with advantage to its shareholders." (Italics ours.) ■ These requirements are in the conjunctive, therefore both factual elements must exist to establish a basis for a dissolution. Both must be pleaded and proved (*Buss* v. *J. O. Martin Co.,* 241 Cal.App.2d 123, 135-136 [50 Cal.Rptr. 206]). Plaintiffs did just that. ■ The record reflects that at the time the action was filed there were several substantial areas of disagreement existent between the factions in defendant church and discord was rampant over the dismissal of plaintiff, the Reverend Fuimaono, and the procedures used in his dismissal. There was discord between the factions as to the authority of the Mother Church in Samoa over the discharge of one minister and hiring of another; there was discord over the physical assets, the church and the parsonage; this discord manifested itself in charges of tampering with a vehicle, interference with the use of the mails incoming to the church, and interference with the use of the parsonage by plaintiff Reverend Fuimaono.

During the pendency of the present action, further evidence supporting the fact of dissension, and dissension of such character as to prevent further successful operation of the business of the church to the advantage of its membership, is found in the inability of the two factions to worship in the same church. One side used the church facilities in the morning and the other used it in the afternoon. However, this did not work out satisfactorily. Discord reached such a degree of intensity as to provoke a street confrontation, with 50 or 60 members from one faction facing off, shouting at an approximately equal number from the opposing faction on the other side of the street. The sheriff was summoned to keep the peace. How, in light of evidence such as the foregoing, the business of the church could be conducted to the

advantage of any member of the church, let alone the 40 percent minority members, is not at all clear. Further, extensive evidentiary hearings support the finding that 40 percent of the church membership ally with plaintiffs' faction. Therefore, substantial evidence supports the trial court's findings and judgment.

Defendants would impose a duty on the trial court to require the church members "to exhaust its internal procedural remedies" before seeking "drastic judicial intervention." The analogy invoked is not valid. ■ A religious nonprofit corporation is not an administrative body bound by fixed rules governing its access to the courts. In ordering dissolution, the court did not permit the church members to avoid or "abrogate their responsibilities to the corporation," but rather vindicated the minority church members' rights when the statutory criteria had been met. ■ There is no doubt but that the powers of a court of equity are broad and flexible so as to fashion the remedy that justice requires (*Wuest* v. *Wuest*, 53 Cal.App.2d 339, 346 [127 P.2d 934]; 27 Am.Jur.2d, Equity, p. 624), and it may well be that time-delay may be a factor in a just result in a particular matrix. However, no authority is cited by defendants requiring the trial judge in a corporate dissolution action to delay the act that the evidence and law require in order to look to the causes, to the reasons underlying the dispute, or that it act as a conciliation court attempting to resolve the dispute, to ameliorate or to remedy the causes for dissolution, however deeply this might be desired.

Defendants make these further assignments of error: It is urged the trial court committed error in failing to find that the defendant corporation's bylaws (dealing with the required number of persons to be present to constitute a quorum) were amended de facto; secondly, defendants contend the trial court erred in failing to find that the plaintiff Reverend Fuimaono was dismissed in accord with appropriate corporate procedures; and, thirdly, whether a new election should have been ordered. These contentions will be disposed of jointly, for they share common misconceptions. ■ Code of Civil Procedure section 634 does not require findings as to every minute matter upon which evidence is received at the trial (*Coleman Engineering Co.* v. *North American Aviation, Inc.,* 65 Cal.2d 396, 410 [55 Cal.Rptr. 1, 420 P.2d 713]); nor are findings required relating to issues immaterial to the determination of the case (*Kanner* v. *Globe Bottling Co.,* 273 Cal.App.2d 559, 568 [78 Cal.Rptr. 25]). The findings of the trial court satisfactorily dispose of all the basic issues raised.

Upon the facts here presented, the trial court was authorized, if not required, to decree corporate dissolution.

The judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.